IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LEONARD SNIDER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 01-4256-CV-C-SOW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| THERESA J. TURLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 02-4066-CV-C-SOW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are defendant's Motion in Limine (Doc. #108) in Snider v. United States and defendant's Motion in Limine (Doc. #48) in Turley v. United States. Also before the Court is a joint Motion for Reconsideration (Doc. #138) filed by both Leonard Snider and Theresa Turley. All of these motions have been fully briefed by the parties.

I. Defendant's Motions in Limine

Defendant has filed a Motion in Limine in each of the above-captioned cases requesting that certain matters be deemed established for trial. More specifically, defendant asks the Court to exclude certain testimony at trial.

Plaintiffs have alleged that Special Agent Robert Jackson of the Internal Revenue Service

wrongfully disclosed their tax return information to non-party witnesses he interviewed during the course of an ongoing criminal investigation. Initially, during the briefing of the parties' summary judgment motions, plaintiffs proffered unsworn statements and deposition testimony from nine witnesses that Special Agent Jackson interviewed during the course of the investigation that precipitated these lawsuits. Plaintiffs have asserted that there are 39 other witnesses to whom wrongful disclosures were allegedly made by Special Agent Jackson.

During a telephone conference on November 17, 2004, the Honorable Nanette Laughrey ordered plaintiffs to submit affidavits from any of these 39 witnesses they wanted to call at trial to demonstrate that those witnesses had relevant testimony to offer. Judge Laughrey ruled that defendant's motions in limine would be granted with respect to any witness for whom no affidavit was offered by December 13, 2004.

After a pretrial conference on December 20, 2004, and the rulings made therein, defendant states that there are now only eight witnesses at issue. Defendants have never provided affidavits on three of the witnesses: David Wheeler, Roger Tilling, and Noi Martin. Therefore, the Court will not permit these three witnesses to testify.

The Court will hear arguments and rule on the admissibility of the remaining five witnesses at the pretrial conference on Tuesday, May 3rd, 2005. These five witnesses are: Shane Calendar, Michael Bolster, Donald Hofstetter, Herb Baker, and Gregory Fry.

In sum, defendant's motions in limine are granted in part at this time.

II. Plaintiffs' Motion for Reconsideration of Pretrial Order

A.   Witnesses Contacted by Special Agent Robert Jackson

Plaintiffs ask the Court to reconsider a prior ruling that defendant is not required to

2

Case 2:01-cv-04256-SOW   Document 147   Filed 04/22/05   Page 2 of 4

disclose to plaintiffs the names and addresses of all of the witnesses contacted by Special Agent Robert Jackson as well as by all other Internal Revenue Service Special Agents. The Court finds that defendant is not required to disclose the information sought by plaintiffs. This information is protected by the investigatory privilege.

B. Affidavit Issue

Plaintiffs also challenge Judge Laughrey's ruling that plaintiffs be required to produce sworn affidavits from their witnesses for an in camera inspection by the Court. This ruling was made after plaintiffs' counsel stated to the Court that he planned to call thirty or more witnesses and would need seven days to try this case. The Court was attempting to manage the trial and eliminate any irrelevant testimony. There is no basis for altering this ruling.

C. Witnesses

Next, plaintiffs take issue with the exclusion of certain witnesses' testimony. A review of the pretrial order reveals that Judge Laughrey precluded plaintiffs from calling several irrelevant and untimely disclosed fact witnesses as well as an expert witness who intended to offer opinions not contained in his report. It is apparent to this Court that Judge Laughrey devoted significant time to evaluating each of these witnesses and clearly stated her reasons for excluding their testimony. Again, there is no basis for altering these rulings in the pretrial order.

D. Motion for Partial Summary Judgment

Plaintiffs' request that the Court reconsider plaintiffs' Motion for Partial Summary Judgment. The Court finds no basis for altering the Order denying plaintiffs' motion.

III. Conclusion

For the reasons stated above, it is hereby

3

Case 2:01-cv-04256-SOW   Document 147   Filed 04/22/05   Page 3 of 4

ORDERED that defendant's Motion in Limine (Doc. #108) in <u>Snider v. United States</u> and defendant's Motion in Limine (Doc. #48) in <u>Turley v. United States</u> are granted in part. It is further

ORDERED that plaintiffs' witnesses David Wheeler, Roger Tilling, and Noi Martin will not be permitted to testify at trial. It is further

ORDERED that the Court will hear arguments and rule on the admissibility of the testimony of the following plaintiffs' witnesses at the pretrial conference: Shane Calendar, Michael Bolster, Donald Hofstetter, Herb Baker, and Gregory Fry. It is further

ORDERED that the plaintiffs' joint Motion for Reconsideration (Doc. #138) is denied.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: <u>4-22-05</u>